UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CECILIA LOPEZ,

                                         Plaintiff,

                                                                                        Case # 21-CV-6491-FPG

v.

                                                                                        DECISION AND ORDER

TARGET CORPORATION,

                                         Defendant.
_____

## INTRODUCTION

Plaintiff Cecilia Lopez, a citizen of New York, commenced this action in New York State Supreme Court on June 21, 2021, alleging a slip and fall at a Target store in 2019. ECF No. 1-3. Defendant Target Corporation, a citizen of Minnesota, removed the case to this Court on July 20, 2021, pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. § 1332(a). ECF No. 1. On August 18, 2021, Plaintiff filed a motion to remand the case back to state court, arguing that Defendant did not establish that the amount in controversy exceeded $75,000, thereby divesting the Court of subject matter jurisdiction. ECF No. 5. Defendant opposes the motion, arguing that the amount in controversy requirement is met by a pre-suit letter in which Plaintiff's counsel offered to settle the matter for $150,000. ECF No. 11.

For the following reasons, Plaintiff's motion to remand is DENIED.

## DISCUSSION

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Judicial scrutiny is particularly important where, as here, a defendant has removed the case from state court. *DiPonzio*

1

*v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at *2 (W.D.N.Y. July 11, 2011) (noting that "removal implicates both state court independence and the federal docket"); *see also Houston v. Scheno*, No. 06-CV-2901, 2007 WL 2230093, at *2 (E.D.N.Y. July 31, 2007). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

Pursuant to 28 U.S.C. § 1446, a defendant seeking to remove an action from state court based on diversity jurisdiction must include a "short and plain statement of the grounds of removal" establishing that the diversity-of-citizenship and amount-in-controversy requirements of 28 U.S.C. § 1332 are met. "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.*

Here, however, Plaintiff's complaint does not include a sum demanded because New York state law prohibits plaintiffs from demanding a specific sum in personal injury actions like this one. N.Y. C.P.L.R. § 3017(c). Accordingly, in its notice of removal, Defendant asserted that "[t]he amount in controversy, as stated in a demand letter sent to Target pre-suit, on April 21, 2021, is . . . $150,000[]." ECF No. 1 ¶ 5. Plaintiff disputes that amount in controversy. ECF No. 12.

Subparagraph (B) of 28 U.S.C. § 1446(c)(2), which was added in 2011, "clarifies the procedure . . . when a defendant's assertion of the amount in controversy is challenged." *Owens*, 574 U.S. at 88. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* Where,

as here, the "case is removed to federal court by a defendant, the burden of proof is on the defendant to establish the amount in controversy." *Est. of Gallo v. Bob Evans Rest.*, No. 17-CV-118, 2019 WL 350163, at *2 (W.D.N.Y. Jan. 29, 2019).

The Court concludes that, given the facts of this case, Plaintiff's $150,000 pre-suit demand letter is sufficient to prove by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. *See Butera v. Southwest Airlines Co.*, No. 12-CV-51, 2012 WL 3860802, at *2 (W.D.N.Y. Sept. 5, 2012) ("[T]he Court finds that plaintiff Butera's five-page pre-suit demand letter for $149,970 of special damages is sufficient to prove by a preponderance of the evidence that the plaintiff put in controversy $149,970 when she demanded it shortly before she filed the action in state court."). That letter, sent just two months before Plaintiff commenced this action, detailed Plaintiff's knee injury as a result of the alleged slip and fall, and documented her pain, treatment, and surgery. ECF No. 1-5. Notably, in responding to Defendant's pre-suit settlement offer, Plaintiff's counsel indicated "we do not believe your settlement offer reflects the liability of Target for the hazardous condition which caused Ms. Lopez to fall or the degree of the injury, treatment and surgery that resulted." *Id.* at 4. Accordingly, Plaintiff offered to settle for $150,000. *Id.*

Citing a decision from District Judge Vilardo in *Estate of Gallo*, Plaintiff argues that the amount in controversy cannot be imputed from her pre-suit demand letter. But the facts of that case are distinguishable from the facts here. There, the plaintiff demanded $137,000 prior to filing suit, but the plaintiff later conceded that the amount in controversy was less than $75,000, and the evidence strongly suggested that the plaintiff's damages were limited. *Estate of Gallo*, 2019 WL 350163, at *3. Here, however, Plaintiff demanded $150,000, has not retracted that demand or conceded that the amount in controversy is less than $75,000, and the available evidence

3

demonstrates that Plaintiff's injuries were significant. Plaintiff cannot have it both ways: she cannot demand $150,000 to compensate her for her damages prior to suing in state court, and then suggest that the real amount in controversy is far less when the case is removed to federal court.

The Court concludes that Defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. In fact, because Plaintiff has not submitted any evidence, the *only* evidence before the Court suggests that the amount in controversy is $150,000. Accordingly, Plaintiff's motion for remand is denied.

## CONCLUSION

Plaintiff's motion for remand, ECF No. 5, is DENIED.

IT IS SO ORDERED.

Dated: September 21, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York