UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CECLIA LOPEZ,

                            Plaintiff,

                                                                                      Case No. 21-CV-6491-FPG

v.

TARGET CORPORATION,                                                 DECISION AND ORDER

                            Defendant.
_____

## INTRODUCTION

On April 19, 2019, Plaintiff Cecelia Lopez slipped and fell while at a Target retail store located 500 Medley Center Parkway in Irondequoit, New York ("Target" or "Defendant"). On June 21, 2021, Plaintiff sued Defendant in the Supreme Court of the State of New York County of Monroe, alleging that she was injured due to Defendant's negligence in its ownership, control, operation, management and maintenance of the premises, by failing to remedy a hazardous condition within its premises. ECF No. 1-3 at ¶ 6-9. On July 20, 2021, the action was removed to this Court pursuant to pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. § 1332(a). ECF No. 1. On May 15, 2023, Defendant filed a motion for summary judgment arguing that Plaintiff cannot show it had actual or constructive notice of the allegedly hazardous condition. ECF No. 28. For the reasons stated below, Defendant's motion is GRANTED.

## BACKGROUND[1]

It was "pouring rain" outside when Plaintiff arrived at Target to shop on the evening of April 19, 2019. ECF No. 28-1 at ¶ 1, 4. After entering the store, Plaintiff spent approximately five to ten minutes shopping before heading toward the Guest Services area to purchase her selected items. *Id.* at ¶6. During her time walking around the store and while waiting to check out at the

---
[1] Unless otherwise indicated, the facts set forth are not in dispute.

1

Guest Services area, Plaintiff did not see any water on the floor. ECF No. 28-5 at 50. After being called forward by a cashier, Christy Holmes, Plaintiff approached register #73 and slipped and fell on her right side. *Id.* at 51-54. When Plaintiff got back up on her feet, she searched for the cause of her fall and noticed a puddle of water on the floor and that the right side of her clothes were damp. *Id.* at 57-60. Video surveillance footage shows that, at approximately 6:05 p.m., another shopper holding an umbrella walked toward the Guest Service area, and waited in line for approximately 5 minutes in the subject area. ECF No. 28-10. This shopper left the area at approximately 6:10 p.m. *Id.* For the next five minutes, prior to Plaintiff's fall, several employees and other customers walked by the area, but there is no indication that any of them saw the water on the floor and no one else slipped and fell. *Id.* At 6:14:56, Plaintiff slipped and fell. *Id.* Plaintiff asserts that she suffered injury to her right knee as a result of this incident.

## DISCUSSION

### I. Slip and Fall Negligence.

To establish a prima facie negligence claim under New York law, "a plaintiff must show (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty, and (3) injury to the plaintiff as a result thereof." *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 210 (2d Cir. 2014). To show a breach of defendant's duty of care in a slip and fall case, a plaintiff must demonstrate that the defendant either created the dangerous condition or that the defendant had actual or constructive notice of the dangerous condition. *Feis v. United States*, 484 Fed. App'x 625, 628 (2d Cir. 2012) (summary order) (citing *Bykofsky v. Waldbaum's Supermarkets, Inc.*, 619 N.Y.S.2d 760, 761 (N.Y. App. Div. 1994)).

### A. Creation of Condition

Plaintiff does not allege that Target created the slippery condition that caused her fall. Rather, Plaintiff alleges that Target had actual notice of the condition, or in the alternative, that Target had constructive notice of the slippery condition. ECF No. 33-3 at 5.

**B. Actual Notice**

To prove actual notice, plaintiff must present proof that "defendants were, in fact, aware of the dangerous condition." *Castellanos v. Target Dept. Stores, Inc.*, No. 12 Civ. 2775, 2013 WL 4017166, *4 (S.D.N.Y. August 7, 2013). A defendant is aware of a dangerous condition if the defendant "has received reports or complaints from others about the condition." *Id.* A defendant who has actual notice of a condition is entitled to a reasonable opportunity to correct it. Similarly, to constitute constructive notice, "a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'" *Gonzalez v. Wal-Mart Stores Inc.*, 299 F. Supp. 2d 188, 192-93 (S.D.N.Y. 2004) (*quoting Gordon v. Am. Museum of Natural History*, 492 N.E.2d 774, 775 (N.Y. 1986)).

Plaintiff argues that Defendant's motion for summary judgment should be denied because "defendant has submitted no affirmative statement from Ms. Holmes that she did not observe the wet floor condition." ECF No. 33-2 at 17.

As an initial matter, Plaintiff's argument that Defendant has not submitted an affirmative statement that its employee, Christy Holmes, did not observe the slippery condition is not the proper standard on summary judgment in a federal proceeding. While New York's summary judgment standard indeed requires the moving party to put forth evidence in support of its motion, the federal standard does not. *Casierra v. Target Corp.*, 09-CV-1301, 2010 WL 2793778, at *1 n.1 (E.D.N.Y. July 12, 2010) (citing N.Y.C.P.L.R. 3212(b)). Under the federal summary judgment standard, Defendant is not required to put forth evidence demonstrating its lack of actual notice or its lack of constructive notice; rather, Defendant must simply show that Plaintiff will not be able

3

to prove at trial that Defendant had either actual or constructive notice based on the evidence in the record. *Strass v. Costco Wholesale Corp.*, No. 14-CV-06924, 2016 WL 3448578, at *3 (E.D.N.Y. June 17, 2016). This standard controls because "what burdens each party bears on summary judgment is a procedural rather than substantive matter." *DeAngelis v. Am. Airlines, Inc.*, 06-CV-1967, 2010 WL 1292349, at *3 n.2 (E.D.N.Y. Mar. 31, 2010) (citations and quotations omitted).

Here, Plaintiff's only evidence to support her claim that Defendant's had actual notice of the slippery condition on the floor where she fell is video surveillance footage of Defendant's employee, Christy Holmes, interacting with the woman who had the umbrella that Plaintiff alleges created the slippery condition. ECF No. 28-10 at 6:09:09 p.m. to 6:10:04 p.m. Specifically, Plaintiff contends that Defendant's actual notice of the slippery condition may be inferred from this interaction because "defendant was aware that a woman with a large, uncovered, open umbrella entered its store, stood in the area where Plaintiff ultimately fell for a considerable time period, and interacted for a period of time face-to-face with Target cashier Christy Holmes in the area where Plaintiff ultimately fell." ECF No. 33-3 at 17.

However, this argument is unavailing. "Plaintiff's burden at this stage of the proceedings is not merely to proffer a plausible theory, but to present evidence from which a reasonable jury could draw the inference that Defendant created [or had actual notice of] the hazardous condition." *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 319 (E.D.N.Y. 2014). The video that Plaintiff relies on only shows Holmes interacting with the person holding the object that is alleged to have created the slippery condition. ECF No. 28-10 at 6:09:09 p.m. to 6:10:04 p.m. The video does not show Holmes directly observing the water drip from the umbrella onto the floor. *Id.* There is no reaction or any indication in the video that would suggest that Ms. Holmes made any such observation. *Id.* In fact, once the shopper with the umbrella left the area, the video shows several other employees

4

and shoppers walking in and around the area without appearing to notice the water and none of them slipped, including Plaintiff who herself walked past the area once without noticing the water and without falling. *Id.* at 6:10:04 p.m. to 6:14:59. Indeed, Plaintiff testified that she did not see any wet spot prior to falling. ECF No. 28-5 at 58-60.

Where video evidence shows other employees walking by the area without noticing the water, it may not be reasonably inferred, without more, that Holmes was aware of the water simply because of her interaction with the person holding the object that is alleged to have caused the hazard. *See, e.g., Castellanos*, 2013 WL 4017166, at *4 (finding that there is no evidence of actual notice where "the surveillance video shows numerous employees walking through the precise area in which [the Plaintiff] fell without any indication that they noticed [the hazard] on the ground."). Essentially, Plaintiff has to show that Ms. Holmes saw the actual hazard and not just the alleged source of the hazard. Plaintiff has, therefore, not presented evidence that Ms. Holmes was "in fact, aware of the dangerous condition." *Castellanos*, 2013 WL 4017166 at *4.

Accordingly, Plaintiff has failed to raise a triable issue of fact as to whether Defendant had actual notice of the condition. *See Buskey v. Boston Market Corp.*, No. 04 CV 2193, 2006 WL 2527826, at *6 (E.D.N.Y. Aug. 14, 2006) (actual notice is not established where the defendant neither observed nor received reports about a dangerous condition); *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998) ("There is no evidence suggesting that [defendant], or its employees, were aware of the [dangerous condition], and therefore the defendant [ ] did not have actual notice of the condition.").

C. **Constructive Notice**

In order for Defendant to be deemed to have constructive notice of the dangerous condition, the condition which caused the fall must have: (1) been visible and apparent and (2) existed for

enough time prior to the incident for the Defendant's employees to have discovered and remedied it. *See Tuthill v. United States*, 270 F. Supp. 2d 395, 400 (S.D.N.Y. 2003).

   1. **Visibility of Water Before Plaintiff's Fall**

Defendant argues that Plaintiff has not met her burden because she cannot show evidence that the wet condition of the floor where she fell was visible and apparent prior to her fall. The Court agrees.

"The legally meaningful time to notice a defective condition is before an accident, not after." *Melanson-Olimpio v. Wal-Mart Stores E., LP*, No. 16 CIV. 8735, 2019 WL 1060625, at *5 (S.D.N.Y. Mar. 6, 2019). "Observations after an accident occurs are not evidence that a condition was visible and apparent prior to the accident." *Id.*

Here, Plaintiff has only produced evidence that the wet condition was visible and apparent after her fall. First, Plaintiff herself has testified that she did not see the water until after her fall. *See* ECF No. 28-5 at 51 line 16-18. "Courts in the Second Circuit have routinely granted summary judgment in similar slip and fall claims on the ground that the defect was not visible and apparent when a plaintiff did not see it prior to the fall." *Watts v. Wal-Mart Stores E., LP*, No. 16-CV-4411, 2018 WL 1626169, at *5 (S.D.N.Y. Mar. 29, 2018) (collecting cases). Further, Plaintiff testified that Holmes also saw the water after her fall. ECF No. 33-3 at 19. Plaintiff also points to the evidence showing that Defendant's cart attendant mopped a large area around where Plaintiff fell after the fall. *Id.*

Because "the legally meaningful time to notice a defective condition is before an accident," none of these after-the-fact observations are sufficient to support a conclusion that the condition was visible and apparent prior to Plaintiff's fall. *Melanson-Olimpio*, 2019 WL 1060625, at *5.

As a matter of law, Plaintiff has not shown that the condition was visible and apparent prior to the incident. *See Decker v. Middletown Walmart Supercenter Store*, No. 15-CIV-2886, 2017 WL

568761, at *7 (S.D. N.Y. Feb. 10, 2017) (granting summary judgment where the plaintiff and her sister testified that they did not see the substance on the ground until after Plaintiff's fall, the surveillance video did not show the condition on the ground, and the surveillance video showed customers or employees walking through the area where plaintiff fell without incident or seeming to notice the condition on the ground).

   2. **Duration of Condition**

"Because there is no evidence from which reasonable factfinders could determine the condition was visible and apparent prior to the incident, it follows that they also could not determine that there was sufficient time for Defendant's employees to have discovered and remedied the condition." *Alger v. Von Maur, Inc.*, No. 19-CV-6698, 2021 WL 1966773, at *5 (W.D.N.Y. May 17, 2021). It therefore follows that because "plaintiffs have provided no evidence regarding for how long the [water] had been on the floor, it would be speculative to infer that [the water] had been on the floor for an appreciable length of time." *Casiano v. Target Stores*, No. 06 CV 6286, 2009 WL 3246836, at *4 (E.D.N.Y. Sept. 24, 2009)

However, even assuming the condition was visible and apparent, based on Plaintiff's theory of the source of the water—the other shopper's umbrella—the condition did not exist for a sufficient period for Defendant to discover and remedy the condition. Based on video surveillance, this other shopper came into the area where Plaintiff fell around 6:05:03 p.m. and remained there until 6:10:43 p.m. ECF No. 28-10. However, Plaintiff's fall occurred at 6:14:56 p.m. *Id.* If, according to Plaintiff, the source of the water did not come into the area until 6:05:03 p.m., then, at most, only a mere ten minutes passed between the creation of the condition and Plaintiff's fall. Ten minutes does not constitute an appreciable period of time. *See, for example, Gallagher v. Target Corp.*, No. 1:19-CV-38, 2020 WL 4741096, at *4 (W.D.N.Y. July 9, 2020), *report and recommendation adopted*, No. 19-CV-38, 2020 WL 4739615 (W.D.N.Y. Aug. 14, 2020) ("A mere

7

twelve minutes" does not amount to an "appreciable length of time prior to the accident to permit Target employees to discover the condition and exercise reasonable care to remedy it.").

Thus, even construing all evidence in a light most favorable to Plaintiff, the evidence does not demonstrate that, prior to Plaintiff's accident, Defendant or any employees saw, or were made aware of, the condition in the specific location at which Plaintiff was injured. While the evidence shows that Plaintiff likely slipped on water—considering her ultimate fall, her clothes when she stood up, and observations made after the fall—there is nothing from which a reasonable fact finder may infer that Defendant was aware of the condition prior to the accident, nor that Defendant was aware of the condition with sufficient time to remedy the condition as is required to find constructive notice. As such, Defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment, ECF No. 28, is GRANTED. Plaintiff's Complaint is DISMISSED with prejudice. The Clerk of Court is direct to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 19, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York